# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luis Zavalza Sanchez, | No. CV-24-00243-TUC-RCC |
| Petitioner, | **ORDER** |
| v. | |
| B. Hudson, | |
| Respondent. | |

On January 24, 2025, Magistrate Judge Jacqueline Rateau issued a Report and Recommendation ("R&R") in which she recommended the Court dismiss Petitioner Luis Zavalza Sanchez's Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody. (Doc. 12.) The Magistrate Judge informed the parties they had 14 days to file objections and an additional 14 days to respond. (*Id.* at 20.) Petitioner filed an objection to the R&R (Doc. 14), and Respondents a response (Doc. 16). Upon review, the Court will adopt the R&R and dismiss Petitioner's § 2241 Habeas Petition.

## I.   Standard of Review

The standard of review of a magistrate judge's R&R is dependent upon whether a party objects: where there is no objection to a magistrate's factual or legal determinations, the district court need not review the decision "under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, when a party objects, the district court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended

disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Moreover, "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

## II. Petitioner's § 2241 Habeas

Petitioner's projected release from custody is April 2, 2026. (Doc. 12 at 2.) According to the Federal Bureau of Prisons' ("Bureau") Initial Classification Form, on March 25, 2024, Petitioner was classified as a high risk of recidivism. (Doc. 1-1 at 2.) By September 11, 2024, the Bureau found that Petitioner could earn First Step Act ("FSA") Time Credits, but because he was now only a medium risk of recidivism, the Bureau would not apply the FSA Time Credits to prerelease custody. (Doc. 10-1 ¶ 20.)

In his § 2241 Petition, Petitioner asks to "set aside 28 C.F.R. § 523.44(b) and apply his FSA Time Credits towards prerelease" custody because the C.F.R.:

> fails to carry into execution the "shall be applied" and "shall transfer" elements of 18 U.S.C. Section 3632(d)(4)(C) for medium/high recidivism risk score prisoners like Petitioner, where "shall be applied" and "shall transfer" governs 18 U.S.C. Section 3624(g)(1)(D)(i)(II)(aa)–(cc) so that medium/high recidivism risk prisoner[s] can still apply their earned credits when they equal the remainder of their sentence.

(Doc. 1 at 9.) Petitioner admits he did not exhaust his administrative remedies, but believes exhaustion is futile because he is seeking to "invalidate an official BOP policy that violates Article I, Section, U.S. Constitution[,] and 18 U.S.C. Section 3632(d)(4)(C)." (*Id.* at 1–2.)

## III. Magistrate's R&R

The Magistrate Judge determined that the Court did not "have subject matter jurisdiction to review individualized, discretionary determinations made by the B[ureau]," but had jurisdiction to review "allegations that a B[ureau] action is contrary to established federal law, violates the constitution, or exceeds the B[ureau's] statutory authority." (Doc. 12 at 6 (quoting *Chatmon v. Fed. Bureau of Prisons*, No. CV-20-01191-PHX-RCC (CDB), 2021 WL 11421799, at *5 (D. Ariz. Apr. 7, 2021), *report and recommendation adopted*,

No. CV-20-01191-PHX-RCC, 2021 WL 2533469 (D. Ariz. June 21, 2021).)

The Magistrate found the exhaustion requirement should be waived. (Doc. 12 at 8.) The Magistrate Judge then stated Petitioner had no "liberty interest in the application of his FSA time credits towards prerelease custody and that, to the extent that Petitioner seeks to have the district court compel the Bureau to perform a discretionary function, the district court lacks such authority." (*Id.* at 3–4.)

In addition, the Magistrate Judge determined the § 2241 failed on the merits. Specifically, the Magistrate Judge indicated that 18 U.S.C. § 3624(g)(1)(A)–(C) is not ambiguous and other Arizona District Courts have determined the same. (Doc. 12 at 17 (citing *Johnston v. Colbert*, No. CV 22-0260-TUC-SHR (EJM), 2023 WL 9510557, at *8 (D. Ariz. Aug. 15, 2023), *report and recommendation adopted*, No. CV-22-00260-TUC-SHR, 2024 WL 418123 (D. Ariz. Feb. 5, 2024), *aff'd*, No. 24-850, 2024 WL 4903725 (9th Cir. Nov. 27, 2024).) In the cases raised by Petitioner, the Magistrate noted, "it was undisputed that those petitioners were *eligible* for the application of their earned FSA time credits and for this critical reason the Bureau could not withhold application of the prisoner's FSA time credits." (Doc. 12 at 11.) In contrast, the Magistrate concluded, "Petitioner here is ineligible for the application of his FSA time credits because of his medium recidivism risk classification (a risk classification which Petitioner does not contest)." (*Id.* at 12.)

The Magistrate Judge noted Petitioner had argued that *Johnston v. Colbert,* a case that determined the statute was not ambiguous, was "strongly positioned on appeal." (Doc. 12 at 18.) However, in that case, the Magistrate Judge stated, the Ninth Circuit affirmed the district court's order and "refused to consider the argument that Petitioner urges the district court here to accept." (*Id.* (citing *Johnston*, 2024 WL 4903725, at *1).)

IV. **Petitioner's Objections**

First, Petitioner objects to the Magistrate Judge's interpretation of *Johnston v. Colbert*. Petitioner claims the R&R made *Johnston* "seem as though the Ninth Circuit adopted the district court's reasoning in full" when in truth, there was a petition for rehearing *en banc* pending. (Doc. 13.) In addition, Petitioner argues the Ninth Circuit did

not affirm because the statute was unambiguous, but instead found Johnston did not have standing to challenge the statute. (*Id.*) But, Petitioner claims Johnston had since made a "good faith effort" and reduced his recidivism risk from high to medium, thus he should be an eligible prisoner, and Johnston now has standing and is likely to be able to demonstrate that the statute giving the Bureau discretion exceeds the Bureau's authority.

Second, Petitioner objects to the Magistrate's conclusion that he is ineligible to apply his FSA Time Credits to prerelease custody because he has made a "good faith effort" to reduce his recidivism risk and is eligible under 18 U.S.C. § 3624(g)(1)(B). (Doc. 13 at 1.)

Third, Petitioner claims the Magistrate erred because the language under 18 U.S.C. § 3632(d)(4)(A), (C) is not discretionary. (*Id.*)

## V.    Application of FSA Time Credits to Prerelease Custody

18 U.S.C. § 3632(d)(4)(C) ("the Application Statute") requires that a prisoner's FSA Time Credits are applied towards prerelease custody. However, to do so, the prisoner must be considered an "eligible" prisoner under § 3624(g) ("the Eligibility Statute"). Likewise, 28 C.F.R § 523.44(b) ("the Code for Application"), the federal regulation Petitioner challenges here, gives the Bureau discretion to apply FSA Time Credits toward prerelease custody or supervised release, but only to eligible inmates.

> To be eligible for prerelease custody, a prisoner must meet certain requirements, **and** must:
>
> (D)(i)(I) have "been determined . . . to be a **minimum or low risk to recidivate** pursuant to the last 2 reassessments of the prisoner; **or**
>
> (II) have had a petition to be transferred to prerelease custody or supervised release approved by the warden of the prison, **after the warden's determination** that—
>
> (aa) the prisoner would not be a danger to society if transferred to prerelease custody or supervised release;
>
> (bb) the prisoner has made a good faith effort to lower their recidivism risk through participation in recidivism reduction programs or productive activities; and
>
> (cc) the prisoner is unlikely to recidivate.

18 U.S.C. § 3624(g)(1).

## VI.     Discussion

The Court agrees with the Magistrate Judge. First, Petitioner has been evaluated as a medium risk for recidivism and is therefore not an "eligible prisoner" entitled to application of FSA Time Credits toward prerelease custody under 18 U.S.C. § 3624(g)(1)(D)(i)(I). (*See* Doc. 10-1 ¶ 19.) While his reduction in recidivism rate is commendable, it does not make him an eligible prisoner.

Second, the Court cannot grant habeas relief under 18 U.S.C. § 3624(g)(1)(D)(i)(II), because Petitioner's eligibility for prerelease custody is within the Bureau's discretion. (*See* Doc. 12 at 13–14 (citing *Thigpen v. Heisner*, CV 23-01359-PHX-ROS (CDB), 2024 WL 1705256, at *3 (D. Ariz. March 4, 2024), *report and recommendation adopted*, 2024 WL 1702275 (D. Ariz. Apr. 19, 2024)).)

Finally, the Magistrate Judge's determination that the law is not ambiguous is consistent with other opinions from this, and other districts. *See Zachary Joseph Love, Petr., v. Jason Gunther, Respt.*, No. CV-24-02355-PHX-GMS (DMF), 2025 WL 906905, at *7 (D. Ariz. Mar. 6, 2025), *report and recommendation adopted sub nom. Love v. Gunther*, No. CV-24-02355-PHX-GMS, 2025 WL 904542 (D. Ariz. Mar. 25, 2025) ("The FSA, including the accompanying federal regulation, is not ambiguous in its preclusion of applying earned time credits to an inmate with a medium risk for recidivism."); *Hill v. Gunther*, No. CV-24-03214-PHX-JAT (JFM), 2025 WL 563451, at *1 (D. Ariz. Feb. 20, 2025) ("Under the express terms of that statute, a prisoner is free to earn time credits as an inmate with a medium or higher risk recidivism level, but the BOP cannot apply those credits to the prisoner's sentence unless the prisoner has been either categorized as minimum or low risk to recidivate or approved by the warden subject to certain conditions."); *Thigpen v. Heisner*, No. CV2301359PHXROSCDB, 2024 WL 1705256, at *3 (D. Ariz. Mar. 4, 2024), *report and recommendation adopted*, No. CV-23-01359-PHX-ROS, 2024 WL 1702275 (D. Ariz. Apr. 19, 2024) ("The unambiguous language of 18 U.S.C. § 3624(g) precludes application of time credits until an inmate has lowered his recidivism risk level to a low or minimum classification."); *Brown v. Garrett*, No.

- 5 -

722CV00551AMMJHE, 2022 WL 18161601, at *3 (N.D. Ala. Dec. 22, 2022), *report and recommendation adopted*, No. 722CV00551AMMJHE, 2023 WL 130519 (N.D. Ala. Jan. 9, 2023) ("While Brown is free to earn time credits as an inmate with a medium risk recidivism level, under 18 U.S.C. § 3624(g)(1)(D)(i)-(ii), the BOP cannot apply those time credits to her sentence unless and until she has a minimum or low risk recidivism level for two consecutive assessments for prerelease custody or a minimum or low risk recidivism level for the last assessment for supervised release."). Petitioner's interpretation of *Johnston* does not change the Court's analysis.

IT IS ORDERED Magistrate Judge Jacqueline Rateau issued a Report and Recommendation ("R&R") is ADOPTED. (Doc. 12.)

IT IS FURTHER ORDERED Petitioner Luis Zavalza Sanchez's Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody is DENIED. (Doc. 1.)

Dated this 24th day of April, 2025.

_____
Honorable Raner C. Collins
Senior United States District Judge